HOUSTON BELT & TERMINAL RY. CO. v.
KING.   (No. 372.)

(Court of Civil Appeals of Texas.   Beaumont.
May 16, 1918.)

DAMAGES ⊂⇒113 — MEASURE — INJURY TO
HORSE.

In action for the value of a horse, which
fell because of a spike extending several inches
above a tie in defendant's railroad crossing, and
broke its leg, and for veterinary services procur-
ed at defendant's request, the value of plaintiff's
horse just prior to the accident and its value
subsequent to the accident after a reasonable
time had elapsed within which the injury might
have developed was not the correct measure of
damages.

Appeal from Harris County Court; W. E.
Monteith, Judge.

Suit in justice court by L. G. King against
the Houston Belt & Terminal Railway Com-
pany. There was a judgment for plaintiff
in both the justice and county courts, and
defendant appeals. Reversed and remanded.

Andrews, Streetman, Burns & Logue, and
M. E. Kurth, all of Houston, for appellant.
Geo. F. Howard, Vinson & Elkins, and H. L.
Nicholson, all of Houston, for appellee.

BROOKE, J. This suit was filed by plain-
tiff to recover from the defendant, Houston
Belt & Terminal Railway Company, the sum
of $100 as the value of a horse alleged to
have been owned by him and injured by de-
fendant's negligence, and for the further
sum of $49 as veterinary services, for which
he alleged himself to be liable by reason of
the injury to such horse. The suit was begun
in the justice court, precinct No. 1, Harris
county. The judgment was in favor of plain-
tiff against the defendant for $149.

In the county court at law the case was
submitted on a general charge, which re-
sulted in judgment for plaintiff for $129.
The allegation was that plaintiff was the
owner of the horse in question, and while
he was driving across the tracks of defend-
ant, in the city of Houston, the horse stepped
on a spike extending several inches above the
tie, and fell and broke its leg; that defend-
ant's claim agent instructed him to send the
horse to a veterinary, which he did. The
ground of negligence alleged was that de-
fendant did not keep its crossing in repair.
Plaintiff further alleged that he was liable
for $49 as doctor's bill and care of said ani-
mal on account of said injury; the horse hav-
ing been sent to the veterinary at the request
of defendant's agent.

The first assignment of error is that the
court erred in instructing the jury on the
measure of damages, as follows:

"You are instructed that the measure of dam-
ages in this case will be the value of the horse
just prior to such accident and the value of the
horse subsequent to the accident, after a rea-
sonable time had elapsed within which his in-
jury, if any, might have developed, showing the
damages sustained."

This measure of damages is not correct,
and, without further comment, the case must
be reversed and remanded.